IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUILLERMO GUTIERREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1179 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Guillermo Gutierrez, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his adjudication of guilt and conviction. Respondent filed a motion for summary judgment based on expiration of limitations (Docket Entry No. 5), and served a copy of the motion on petitioner at his address of record on July 2, 2009. *Id.*, p. 28. Despite the expiration of a reasonable time, petitioner has failed to respond to the motion.

Based on consideration of the pleadings, the motion, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case as barred by limitations.

*Background and Claims*

Petitioner pleaded guilty to the charge of aggravated sexual assault of a child under fourteen years of age on September 28, 2004, and was placed on ten years deferred adjudication community supervision. *Ex parte Gutierrez*, Application No. 71,575-01. On

November 1, 2007, petitioner pleaded "true" to the State's motion to adjudicate. He was adjudicated guilty and sentenced to fifteen years imprisonment. The Texas Court of Criminal Appeals denied petitioner's application for state habeas relief without a written order on findings of the trial court on March 18, 2009. *Id*., at cover.

Petitioner filed the instant petition on April 10, 2009, challenging his adjudication proceedings and the effectiveness of counsel. Respondent argues that this petition is untimely and barred by the one-year statute of limitations. Petitioner has filed no opposition to the motion for summary judgment.

*Analysis*

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

>  (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Respondent argues, and the record shows, that petitioner was convicted and sentenced on November 1, 2007. Petitioner waived his right to a direct appeal, no direct appeal was pursued, and his conviction became "final" for purposes of the one-year limitation on November 1, 2008. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner filed his application for state habeas relief on October 27, 2008, with four days remaining on the one-year limitations "clock." The application was denied on March 18, 2009, obligating petitioner to file the instant federal habeas petition by March 23, 2009. Petitioner did not file this petition until April 10, 2009, after expiration of limitations. His petition is untimely.

The Court's independent review of the record reveals no grounds for application of 28 U.S.C. §§ 2244(d)(1)(B), (C), or (D). Petitioner raises no grounds for equitable tolling, and the Court finds none supported by the record. The petition is barred by limitations.

*Conclusion*

This case is DISMISSED WITH PREJUDICE as barred by limitations.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on September 10, 2009.

_____
Gray H. Miller
United States District Judge